No. 32,618

D. B. GORDON, *Appellee,* v. MYRTLE DOSS, ARCHIE DOSS et al., *Appellants.*

(52 P. 2d 376)

Opinion filed December 7, 1935.

*Chester Stevens,* of Independence, for the appellants.

*Thomas E. Wagstaff* and *Jay W. Scovel,* both of Independence, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: This appeal was taken by a landowner from an order setting aside a sale of her land, made pursuant to order of sale issued to satisfy adjudicated liens.

Mary Raney sold land to Myrtle Doss, who gave the vendor a mortgage for $3,500, to secure payment of purchase price. The mortgage was not immediately recorded. Myrtle Doss and her husband, Archie Doss, went into possession and made improvements on the land. Laborers and materialmen, who contributed to erection

of the improvements, were not paid, and filed mechanics' liens. In an action by a lienholder to foreclose his lien, all lienholders and the mortgagee were made parties. Judgment was rendered, foreclosing the mechanics' liens, and the holders were given coördinate first liens, because the liens attached before Mary Raney's mortgage was filed for record. She was given a second lien for the sum secured by her mortgage, which was foreclosed. There was no appeal from this judgment.

Order of sale was issued, and before sale occurred, Mary Raney took assignments of all liens superior to hers except the liens of H. H. Gordon and C. P. Gordon. When the sale occurred, taxes, costs, liens and interest aggregated $6,644.89. Mary Raney bid $2,600, and the land was sold to her. Her bid was sufficient to pay taxes and costs, and to satisfy all liens, with interest, except her own second lien. She paid the sheriff $903.03, a sum sufficient to pay taxes, costs, and the amounts of the two liens which had not been assigned to her.

Before the order of sale was returned, Mary Raney filed a motion to require the sheriff to make a return showing bid of $6,644.89 and sale to her for that sum, and proceedings were had relating to what return the sheriff should make, which need not be recounted. The sheriff made a return showing that, in accordance with statutory requirements, the land was sold to Mary Raney for $2,600, she being the highest and best bidder, and showing the following:

"Immediately after sale and before purchase price was paid said purchaser, Mary Raney, requested me to raise her bid to $6,644.89. Said purchaser paying sheriff $903.03, to cover following items: Taxes and costs $212.32. All first liens with interest $2,427.06, and purchaser second lien and interest."

Myrtle Doss moved the court to require the sheriff to amend his return in two particulars; first, by striking out the recital of Mary Raney's request to raise her bid, and second, to require the sheriff to remove what were asserted to be ambiguity and uncertainty with respect to purchase price. This motion was denied, and later Myrtle Doss moved that the sale be confirmed. Mary Raney moved in the alternative that a certificate of sale be issued to her for the sum of $6,644.89, or that the sale be set aside. The court denied the motion to confirm and the motion for certificate of sale, and set aside the sale.

In the course of the hearings it appeared that Mary Raney did not take legal advice before attending the sale. She desired to bid

in the land for a sum sufficient to protect her second lien. Before the sale was cried, she told the sheriff she wanted to bid enough to protect her interest, as well as to satisfy other liens. When she made her bid, that was what she supposed the effect would be. Immediately after sale, and before payment of purchase price, Mary Raney requested that her bid be raised to $6,644.89.

The sale took place on May 1, 1935, and the statutes relating to confirmation follow:

"The sheriff shall at once make a return of all sales made under this act to the court; and the court, if it finds the proceedings regular and in conformity with law and equity, shall confirm the same, . . ." (R. S. 60-3463.)

"The court in determining whether or not the proceedings in judicial sales are regular and in conformity with law and equity as expressed in section 60-3463 of the Revised Statutes of Kansas of 1923, may decline to confirm the sale where the bid is substantially inadequate; or in ordering a sale or a resale, may, in its discretion, if conditions or circumstances warrant and after a proper hearing, fix a minimum or upset price at which the premises must be bid in if the sale is to be confirmed, or the court may, upon application for the confirmation of the sale, if it has not theretofore fixed an upset price, conduct a hearing to establish the value of the property, and as a condition to confirmation require that the fair value of the property be credited upon the judgment, interest, taxes and costs. A sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate. This act is intended as declaratory of the equity powers now existent in the courts under section 60-3463 of the Revised Statutes of Kansas of 1923." (R. S. 1933 Supp. 60-3463a.)

In this instance there was no evidence relating to value of the land except the fact a purchaser stood ready, able and willing to pay $6,644.89 for it.

The "proceedings" contemplated by the statute relating to confirmation include the sheriff's return. In view of all that occurred with reference to the return, the court may have concluded there was sufficient irregularity to warrant setting the sale aside. The court did not specify the ground on which the sale was set aside, and it may have been set aside because the proceedings did not conform to equity. Without request to do so, the court was not obliged to specify the ground on which the sale was set aside, and if either ground be sufficient, its order should be affirmed. Leaving the question of regularity at one side, it is the opinion of this court the sale was properly set aside for want of equity.

Myrtle Doss bought the land and did not pay the purchase price. She improved the land and did not pay the cost of the improve-

ments.  Taxes were unpaid in a sum which, with the costs of suit, amounted to $212.32.  These facts are somewhat indicative of her financial condition.  If the sale were confirmed, the land could not be sold again to satisfy any of the foreclosed liens, and what Myrtle Doss desires is opportunity to redeem for a sum which leaves the purchase money lien unsatisfied.

It is conceded Mary Raney made a mistake.  It is said her mistake was one of law.  In Mary Raney's verified application for an order permitting the sheriff to make his return in accordance with the facts as she understood them, showing her purchase of the land at a bid of $6,644.89, she said that at the sale she supposed she was bidding, in addition to the amount of the first liens, the amount of her own judgment, with interest.  That disclosed a mistake of fact, but whether the mistake was one of law or of fact is not important.

The history of the present statute relating to confirmation is well known.  An early statute required confirmation if the proceedings were in conformity with the law regulating sales.  This statute was superseded by another, which was carried into the 1909 revision of the civil code, and is now R. S. 60-3463.  In the case of *Bank v. Murray,* 84 Kan. 524, 114 Pac. 847, a paragraph of the syllabus reads, in part:

"Under section 500 of the code, requiring the court to confirm a sale if it finds the proceedings regular and in conformity with law and equity, the trial court has substantially the discretion of a chancellor in a suit in equity, . . ." (¶ 3.)

Under the old chancery practice, increased bids might be accepted at any time before confirmation, and the substance of the procedure, with proper adaptations, is utilizable under our own code.

Mary Raney endeavored to increase her bid before the sheriff made his return.  The sale had been made, the increased bid was not made at a public sale and, doubtless for legalistic reasons, the sheriff did not accept the delayed bid.  However, Mary Raney was the highest and best bidder.  No other bidder would be prejudiced by acceptance of the larger bid.  Myrtle Doss had not changed her position relying on the smaller bid, and this court knows of no reason why the district court should not have made its own supplement to the sheriff's return, showing subsequent bid by the purchaser of $6,644.89, and on the basis of the return and supplement, should not have confirmed the sale to Mary Raney, for the increased price.  However, the district court set aside the sale.  What were the equitable grounds for doing so?

Obligation of contract is still respected by the law of this state. Land mortgaged to secure payment of purchase price may still be appropriated to satisfaction of the obligation, and it is not considered inequitable or unjust for that to be done. Besides that, the latest statute regarding confirmation, R. S. 1933 Supp. 60-3463a, is in effect a declaration of legislative policy that security should be made to pay as much of the debt as the facts warrant. That is fair and just and equitable. The value of the privilege of redemption is increased as amount of sale price is diminished; but that fact does not constitute an invitation to confirm a sale which would not be confirmed because not in accordance with equity, if redemption were not permitted. Sales not made in accordance with equity are set aside. Redemption is allowable only from sales made in accordance with equity. In this instance, the attitude of Myrtle Doss is not in accord with equity and good conscience, in the face of Mary Raney's readiness to satisfy all of Myrtle Doss' undischarged obligations with respect to the land, in consideration of a certificate of sale for the full amount.

Occupying a position devoid of merit from the standpoint of equity, Myrtle Doss trains heavy artillery against the position of Mary Raney. It is said her predicament was the result of such ignorance and carelessness on her part that she is disqualified to invoke equity. Decisions are cited to the effect equity will not relieve from the consequence of want of care and diligence which would be displayed by a bidder of reasonable prudence, under the circumstances. The decisions will not be reviewed.

Conceding Mary Raney was at fault, the inherent inequity of a sale for a sum which would pay taxes, costs, and amounts of mechanics' liens, when the land would sell for enough to pay the amount of the mortgage lien as well, was not cured. The consequence of Mary Raney's fault adversely affected nobody but herself. One consequence of confirmation would be that Myrtle Doss could redeem for a small sum. That was a kind of benefit which in equity she ought not to be permitted to enjoy. In other fields in which equity prevails, mistake does not necessarily disqualify an applicant for relief:

"A person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care." (Restatement, Restitution and Unjust Enrichment, Tentative Draft No. 1, § 51.)

In this instance, the court regards confirmation of the sale as a penalty too severe to be inflicted on Mary Raney because of her mistake:

The judgment of the district court setting aside the sale is affirmed.