No. 32,634

The Union Central Life Insurance Company, *Appellee,* v. Arthur L. Blanchat (The Danville State Bank, *Appellant*)..

Opinion filed March 7, 1936.

*E. C. Wilcox, J. Howard Wilcox* and *Myrtle Youngberg,* all of Anthony, for the appellant.

*Donald Muir,* of Anthony, *J. Raymond Eggleston,* of Medicine Lodge, and *Earl A. Grimes,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: The appeal brings up for review orders of the district court, made in the exercise of its equity power, respecting confirmation of sale of land in a mortgage foreclosure case.

The Union Central Life Insurance Company commenced an action to foreclose a real-estate mortgage given by Arthur L. Blanchat. By virtue of foreclosure of a second mortgage, the Danville State Bank had become owner of the land, and was made a party defendant. On October 8, 1934, judgment was rendered in favor of plaintiff and against Blanchat for $6,662.87, and for sale of the land. The judgment bore interest at the rate of ten percent per annum. The land was sold at sheriff's sale on December 31, 1934, to plaintiff, for $5,761. Plaintiff filed a motion to confirm the sale, which was heard on January 14, 1935. At that time interest had accumulated on the judgment, the total amount of which was then approximately $1,069 more than the sale price. After a hearing the court declined to confirm the sale unless half of this sum, $534.50, were credited on the judgment. The purchaser declined to make the credit, and the motion to confirm was denied. Blanchat and the bank then moved to set aside the ruling denying plaintiff's motion to confirm, and themselves moved to confirm. The motions were denied. A second order of sale was issued, and the land was sold to plaintiff for $7,181.15, a sum sufficient to pay the judgment, with interest, and to pay taxes and costs. This sale was confirmed, and the bank appealed.

The bank states the question for decision as follows:

"May the court over the objection of the owner of the equity of redemption and the judgment debtor refuse to confirm a sale regularly had unless an arbitrary sum be credited on the judgment, thereby taking away the right of the owner of the equity of redemption to redeem for the amount sold?"

The district court proceeded according to the statute, R. S. 1933 Supp. 60-3463a, and this court is unable to say the sum required to be credited on the judgment as a condition to confirmation was arbitrarily fixed.

Witnesses valued the land at $5,500, $5,700, and $6,100. The

assessed value was $4,675, which, according to the witnesses, could not be the true value. If the basis of assessment were two thirds of the true value, the land was worth $7,000. The court saw the witnesses, judged their qualifications to give the divergent opinions they expressed, and evidently concluded the largest estimate of value was too conservative. The valuation of $6,100 was $339 more than the sale price. The credit required by the court was less than $200 more, and there is nothing to indicate the court did not exercise its best judgment with respect to what equity required.

It is not material that the judgment debtor joined with the landowner in asking for confirmation of a sale which would leave a large deficiency judgment against him, something which the legislature manifestly deprecates. (R. S. 1933 Supp. 60-3463a.) The landowner had no standing in equity to ask that a sale should be confirmed merely to afford opportunity to redeem for a small sum. (*Gordon v. Doss*, 142 Kan. 860, 52 P. 2d 376.)

The land did sell for enough to pay judgment, interest, taxes and costs, and in view of the entire proceeding, this court is not authorized to say the district court abused its equity power.

The judgment of the district court is affirmed.